UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60832-CIV-COHN

SANDRA ASTRID PINEDA,

    Plaintiff,

vs.

JORGE ROIG, Director, Customs
and Border Protection, et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss [DE 12]. The Court has carefully reviewed Defendants' Motion, Plaintiff's Response [DE 15], and Defendants' Reply [DE 16], and the Court is otherwise fully advised in the premises.

**I.     Background**

Plaintiff Sandra Astrid Pineda is a native citizen of Colombia, as well as a citizen of Australia. See DE 12-1 at 3. On October 3, 2010, Pineda arrived at Fort Lauderdale–Hollywood International Airport from Santo Domingo, Dominican Republic, and presented herself for inspection using her nonimmigrant visa. See id. at 1-4. Pineda was questioned by a United States Customs and Border Protection ("CBP") officer. See DE 1 at 3. During a secondary inspection, the officer took a sworn statement from Pineda regarding her application for admission to the United States. See DE 12-1 at 2-6. Pineda stated that she worked for an Australian company called Myofunctional. See id. at 4. She further stated that she represented Myofunctional in Latin America and attended dental conferences in the United States. See id. Although

Pineda claimed that she resided in Australia, she confirmed that during the previous two years, she had spent all but four months in the United States.  See id.  Pineda also declared that over the past two years, she had been to Australia twice; her last visit was a two-week stay about eight months earlier.  See id.

Based on this information, Pineda was determined to be an intending immigrant not in possession of an immigrant visa and therefore inadmissible to the United States. See DE 12-1 at 5, 7-8; 8 U.S.C. § 1182(a)(7)(A)(i)(I).  As a result, Pineda was issued an Order of Expedited Removal and removed from the United States.  See DE 12-1 at 7.

On May 3, 2012, Pineda filed this action against a local CBP director, the CBP officer who questioned Pineda, and the Secretary of the Department of Homeland Security (together, "Defendants").  See DE 1.  Pineda claims that the facts presented to the CBP officer did not justify the conclusion that Pineda was an intending immigrant. Cf. 8 U.S.C. § 1101(a)(15)(B) (providing that the term "immigrant" excludes "an alien . . . having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business").  Pineda thus asserts that she "has been denied due process of the law and illegally removed."  DE 1 at 3. Pineda's Complaint seeks relief under the Mandamus and Venue Act, 28 U.S.C. § 1361, and the judicial-review provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706.

Defendants have moved to dismiss, arguing that the Court lacks jurisdiction to review Pineda's claims.  See DE 12; Fed. R. Civ. P. 12(b)(1).  In particular, Defendants contend that certain provisions of the Immigration and Nationality Act ("INA") bar any action contesting the expedited removal of a person determined to be an immigrant not in possession of an immigrant visa.

**II.     Discussion**

    **A.     Standards for Jurisdictional Challenges**

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction."  13 Charles Alan Wright et al., Federal Practice & Procedure § 3522 (3d ed. Westlaw 2012).  When a court lacks jurisdiction over the subject matter of a case, dismissal is warranted.  See Fed. R. Civ. P. 12(b)(1).  Attacks on subject-matter jurisdiction may be either facial or factual.  See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam).  Here, Defendants' Motion to Dismiss involves a factual attack because it "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings."  Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).[1]

In a factual attack, the court may consider extrinsic evidence such as testimony and affidavits.  See id.  "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to plaintiff's allegations."  Lawrence, 919 F.2d at 1529 (internal quotation marks omitted).  Further, the plaintiff "has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction."  Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. May 1981).

    **B.     Analysis of Plaintiff's Claims**

In general, any immigrant who seeks admission to the United States but who is "not in possession of a valid unexpired immigrant visa" or other proper entry document "is inadmissible."  8 U.S.C. § 1182(a)(7)(A)(i)(I).  When an immigration officer

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

determines that an arriving alien is inadmissible for this reason, "the officer shall order the alien removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). More, Congress has prohibited any judicial review of such expedited-removal orders:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A)(i). And while a court may determine "whether an alien has been ordered removed under § 1225(b)(1)," that inquiry "shall be limited to whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). "There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." Id.[2]

    Here, it is undisputed that Pineda was ordered removed on an expedited basis after the CBP officer concluded that Pineda was an intending immigrant without an immigrant visa. See DE 12-1 at 5, 7-8; 8 U.S.C. § 1182(a)(7)(A)(i)(I); 8 U.S.C. § 1225(b)(1)(A)(i). The INA plainly bars the Court from considering the merits of that order. See 8 U.S.C. § 1252(a)(2)(A)(i); 8 U.S.C. § 1252(e)(5). Pineda contends, however, that two other statutes authorize the Court to review her expedited removal: 28 U.S.C. § 1361, which permits mandamus actions against government employees and agencies, and the Administrative Procedure Act ("APA"), which generally allows

---

[2] Although the INA provisions discussed herein contain various exceptions, none of those exceptions has been established in this case.

4

aggrieved parties to seek judicial review of agency actions.  See 5 U.S.C. §§ 701–706.  The Court finds these arguments meritless.

The main statute barring judicial review of expedited-removal orders specifically includes claims under 28 U.S.C. § 1361.  See 8 U.S.C. § 1252(a)(2)(A).  Also, review under the APA is not available when "statutes preclude judicial review" or "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).  Thus, neither § 1361 nor the APA allows the Court to consider the merits of Pineda's Order of Expedited Removal.  Nor has Pineda shown any other basis for subject-matter jurisdiction in this case.  Thus, Pineda's Complaint contesting her expedited-removal order must be dismissed.  See Khan v. Holder, 608 F.3d 325, 329-30 (7th Cir. 2010) (dismissing, for lack of jurisdiction, petition for review challenging aliens' expedited removal as intending immigrants lacking immigrant visas); Brumme v. INS, 275 F.3d 443, 447-48 (5th Cir. 2001) (affirming district court's jurisdictional dismissal of habeas-corpus petition alleging similar claims).

### III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss [DE 12] is **GRANTED**;

2. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction; and

3. The Clerk shall **CLOSE** this case and **DENY** all other pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of December, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF